Filed 12/2/24  In re K.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re K.S. et al., Persons Coming Under the Juvenile Court Law. | C100509 |
| TEHAMA COUNTY DEPARTMENT OF SOCIAL SERVICES, | (Super. Ct. Nos. 23JU000026, 23JU000027, 23JU000082) |
| Plaintiff and Respondent, | |
| v. | |
| B.S. et al., | |
| Defendants and Appellants. | |

Appellants B.S. (mother) and J.S. (father), parents of the minors, appeal from the juvenile court's orders terminating their parental rights as to K.S., R.S., and H.S., and freeing the children for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Parents contend the initial inquiry under the Indian Child Welfare Act (ICWA) by the Tehama County Department of Social Services (Department) was insufficient because the Department

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

failed to identify or speak to any paternal extended family relatives and failed to ask available maternal relatives about possible Native American ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department does not dispute that the inquiry in this case was inadequate in light of the guidance recently provided by *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*). We agree with the parties and will conditionally reverse subject to full compliance with the ICWA and related California law.

BACKGROUND

This background is limited given the sole issue on appeal. On March 16, 2023, the Department filed a dependency petition under section 300, subdivisions (b)(1) and (f) on behalf of then seven-year-old K.S. and six-year-old R.S. alleging that the minors were at substantial risk of serious harm or illness due to father's negligent supervision and mother's failure to protect by delegating supervision to father. Specifically, due to father's negligent supervision, the minors' 10-month-old sibling, J.S., Jr., drowned in the family dog's water bowl on March 14, 2023, when father left J.S., Jr., with the minors unattended. K.S. also reported that father does not watch them, is always sleeping downstairs, and cannot be woken. Further, the petition also alleged the minors were at risk due to the family home's unsanitary condition and mother's history of substance abuse.

Mother told the Department in an interview on March 15, 2023, that she had no Native American ancestry. On March 17, 2023, the juvenile court detained the minors.[2] At that hearing, father's counsel informed the court father did not believe there was Native American ancestry in either his or mother's family. The court's written orders following this hearing included a finding that the ICWA did not apply.

---

[2] The minors were originally taken into protective custody on March 14, 2023, presumably following the death of J.S., Jr., and placed with a maternal aunt, but were later removed at her request.

On March 21, 2023, parents told the juvenile court that "there is no Indian Ancestry on either side of the family." The court determined the ICWA did not apply, but nonetheless ordered the Department to "continue to look for ICWA relatives." Thereafter, the dependency petition was amended prior to the contested jurisdiction hearing to reflect that hair testing showed a positive methamphetamine test for K.S. The juvenile court sustained the petition's allegations finding jurisdiction over the minors on April 25, 2023, with a slight amendment to the wording of the allegation concerning K.S.'s exposure to methamphetamine. The findings and orders after the hearing reflected that the juvenile court again determined the "ICWA does not apply."

The Department's May 2023 disposition report summarily stated, "The Indian Child Welfare Act does not apply." At the disposition hearing on May 9, 2023, the juvenile court declared the minors dependents, removed them from parents' custody, and ordered reunification services. The court adopted a written finding that the "ICWA does not apply."

On August 7, 2023, the Department filed a subsequent juvenile dependency petition (§ 342) alleging the minors were also dependents pursuant to section 300, subdivision (f) because it had been determined that J.S., Jr., "died as a result of Acute Methamphetamine Intoxication," likely directly ingested the drug, and would have died regardless of the submersion. The Department's section 342 report stated without elaboration that "The Indian Child Welfare Act does not apply."

In September 2023, the Department filed a dependency petition (§ 300, subds. (b), (f), & (j)) on behalf of H.S. (newborn brother to the minors) alleging he was at substantial risk of harm because father continued to use methamphetamine following the detention of the minors, mother admitted using methamphetamine following the death of J.S., Jr., J.S. Jr., died of acute methamphetamine intoxication with water submersion as a contributing factor, and parents had previously been found to have generally neglected H.S.'s siblings.

According to the Department's September 2023 detention report, parents told the social worker that the family does not have any Native American ancestry. The juvenile court detained H.S. on September 7, 2023,[3] and determined there was no reason to believe that the ICWA applied. A parental notification of Indian status form (ICWA-020) completed by mother denying Native American ancestry was filed on September 15, 2023, along with an Indian ancestry questionnaire, also signed by mother denying the children had any Native American ancestry.

The Department's October 2023 jurisdiction report reflected the social worker spoke with parents, who denied Native American ancestry. The social worker tried, but failed to obtain a completed ICWA-020 form from father. The Department recommended the juvenile court find the ICWA did not apply. The combined contested jurisdictional hearings on H.S.'s section 300 petition and the section 342 petition for the minors took place on October 3, 2023. Following the hearing, the juvenile court sustained the allegations and set the cases for a combined disposition hearing and six-month review.

Shortly thereafter, an ICWA-020 form completed by father denying Native American ancestry was filed, along with a blank Indian ancestry questionnaire. The Department's October 2023 combined disposition and six-month review report stated the juvenile court determined the ICWA did not apply on May 11, 2023, and there was no reason to believe H.S. was an Indian child.

The combined contested disposition and six-month review hearing was held on October 31, 2023. At this hearing, the juvenile court bypassed reunification services for H.S. and terminated parents' reunification services for the minors, setting the cases for a section 366.26 hearing. The court further determined via findings and orders after dispositional hearing that there was no reason to know H.S. was an Indian child.

---

[3] H.S. was detained the day he was born and placed with his siblings when released from the hospital.

The Department's section 366.26 report recommended the termination of parental rights and the freeing of the children for adoption. The report referenced the juvenile court's May 11, 2023, determination that the ICWA did not apply, and parents' ICWA-020 forms indicating they did not have Native American ancestry.

The section 366.26 hearing took place on February 14, 2024. Mother requested her parental rights not be terminated, but if they were, she requested the children be placed with her parents who had visited with the children at the visitation center. Father also opposed termination of his parental rights. The juvenile court adopted the Department's proposed findings and orders, including terminating parental rights. These orders did not include an express ICWA determination, but implicit in the court's termination of parental rights was an adoption of its earlier orders that the ICWA did not apply. (See *In re Isaiah W.* (2016) 1 Cal.5th 1, 14-15 [courts "termination order necessarily subsumed a present determination of ICWA's inapplicability"].) Parents timely appealed.

## DISCUSSION

The ICWA "protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings." (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an "Indian child" as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA [citation]), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*Dezi C., supra,* 16 Cal.5th at pp. 1112, 1125; § 224.2, subd. (a).) "Child welfare agencies discharge this state law duty by 'asking the child, parents, legal guardian, Indian custodian, extended family members, others who

5

have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' " (*Dezi C.*, at p. 1125.)

A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) The court's "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

In this case, parents contend the Department failed to conduct an adequate initial inquiry into whether the children have Native American ancestry, complaining the Department failed to ask three known maternal relatives and failed to identify or ask any paternal relatives beyond father about possible Native American ancestry. The Department concedes "the record does not establish that the requisite ICWA inquiries of extended family members reasonably known or ascertainable [by] the Department were completed in accordance with Section 224.2, and as further clarified by the Supreme court in *Dezi C.*" We accept this concession.

Given these inadequate inquiries, *Dezi C.* has explained that "conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court, ]rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3" is required. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) Accordingly, we will conditionally reverse and remand the case to the juvenile court for further proceedings. The Department is to make additional inquiry and documentation efforts consistent with its

6

duties, and the juvenile court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, the ICWA applies. (*Id.* at p. 1137.) If the juvenile court determines that the inquiry is proper, adequate, and duly diligent and concludes that the ICWA does not apply, any inquiry error is cured, and the judgment shall be reinstated. (*Id.* at pp. 1137-1138.) In contrast, if the inquiry reveals a reason to know that the minors are Indian children, the tribe has been notified, and the tribe determines that the minors are members or citizens, or eligible for membership or citizenship, of an Indian tribe, then the ICWA applies, and the juvenile court must proceed in accordance with the ICWA. (*Id*. at p. 1138.)

DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes the ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.

/s/
BOULWARE EURIE, J.

We concur:


/s/
DUARTE, Acting P. J.


/s/
FEINBERG, J.

7